| | | |
|---|---|---|
| JAMES L. GARRETT, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Wilson County Chancery |
| | ) | No. 9980 |
| VS. | ) | |
| | ) | Appeal No. |
| | ) | 01A01-9609-CH-00443 |
| DON MCDOUGLE, former Commissioner | ) | |
| of Public Works for the City of | ) | |
| Lebanon, and THOMAS ATCHLEY, | ) | |
| Commissioner of Public Works for the | ) | |
| City of Lebanon, and the CITY OF | ) | |
| LEBANON, TENNESSEE, | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

FILED

March 12, 1997

Cecil W. Crowson
Appellate Court Clerk

### IN THE COURT OF APPEALS OF TENNESSEE
### MIDDLE SECTION AT NASHVILLE


### APPEAL FROM CHANCERY COURT OF WILSON COUNTY
### AT LEBANON, TENNESSEE

### HONORABLE C. K. SMITH, CHANCELLOR


Calvin P. Turner
202 East Gay Street
Lebanon, TN 37087
ATTORNEY FOR PLAINTIFF/APPELLANT

J. Russell Farrar
William N. Bates
P.O. Box 80838
Nashville, TN 37208
ATTORNEYS FOR DEFENDANTS/APPELLEES


## REVERSED AND REMANDED.



HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION



CONCUR:

BEN H. CANTRELL, JUDGE
WILLIAM C. KOCH, JR., JUDGE

JAMES L. GARRETT,                              )
                                               )
    Plaintiff/Appellant,            )
                                               )    **Wilson County Chancery**
                                               )    **No.  9980**
VS.                                            )
                                               )    **Appeal No.**
                                               )    **01A01-9609-CH-00443**
DON MCDOUGLE, former Commissioner)
of Public Works for the City of                )
Lebanon, and THOMAS ATCHLEY,                   )
Commissioner of Public Works for the           )
City of Lebanon, and the CITY OF               )
LEBANON, TENNESSEE,                            )
                                               )
    Defendants/Appellees.           )

## O P I N I O N

The defendants, City of Lebanon, Don McDougle, former Commissioner of Public Works, and Thomas Atchley, present Commissioner of Public Works, have appealed from a summary judgment in favor of the plaintiff, James L. Garrett awarding him $72,087.85 for wrongful discharge plus $9,218.75 attorneys fees, and restoring him to his employment with the City of Lebanon.

**The Pleadings**

On March 17, 1995, plaintiff filed a complaint alleging:

- - - -

9.      On February 28, 1994, plaintiff was discharged after a test indicated .19% blood alcohol.

- - - -

13.    Plaintiff appealed his termination, but was not permitted to introduce a witness in his defense.

- - - -

14 & 17.      Plaintiff was not referred to a rehabilitation program in accordance with city policy and the test consent signed by plaintiff.

-2-

20.     The suit was brought under § 42-1983 USC for damages and injunctive relief.

On May 3, 1995, defendants answered admitting allegation 9 and the hearing alleged under 13, but denying that evidence was refused, denying that plaintiff was not referred in accordance with city policy, and denying that plaintiff's consent was conditioned upon rehabilitation.  The following specific defenses were presented in the answer:

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     No act or omission by Defendants deprived Plaintiff of his constitutional rights.

3.     No act or omission by Defendants violated Plaintiff's rights under state law.

4.     Defendant Don McDougle is entitled to qualified immunity from money damages.

5.     The City of Lebanon is not liable for punitive damages.

6.     Defendants request that they be awarded attorney's fees in the above-styled cause of action pursuant to the provisions of 42 U.S.C. § 1988 as well as cost and expenses.

On January 26, 1996, defendants filed the following motion for summary judgment:

Come the Defendants Don McDougle, Thomas Atchley, and the City of Lebanon, Tennessee, pursuant to Rule 56, Tenn. R. of Civ. P., and respectfully move this Court to grant summary judgment in this case, on the ground that the pleading and exhibits hereto attached and marked as Exhibits A - F establish that there is no disputed genuine issue of material fact and the Defendants are entitled to judgment as a matter of law. Alternatively, the Defendants, pursuant to Rule 12.02(6), Tenn. R. Civ. P., respectfully move the Court to dismiss the Complaint due to Plaintiff's failure to state a claim upon which relief can be granted.

On April 26, 1996, plaintiff filed a motion for summary judgment supported by his affidavit.  The following unsworn documents were filed with the motion:

1.     Statement of Drug/Alcohol Policy

2.     Consequences of a Confirming Positive Test Result

On May 22, 1996, plaintiff amended his complaint to add the following allegations:

> The defendant Don McDougle, and City of Lebanon, tested plaintiff for drug and alcohol use in violation of the city's drug testing procedures by:
>
> a) Testing him under "reasonable cause" provision of the rule (Rule V, Subsection 7.10 thru 7.16), when reasonable cause as defined therein did not exist as other employees who observed him stated that he did not appear to be impaired.
>
> b) The defendants failed to give plaintiff a breathalyser test as required by Rule V, Section 7.6;
>
> c) Defendants failed to administer a confirmation test as required by Rule VI section 3.1, and Rule V Section 7.16;
>
> d) Defendants did not send the test results to a physician for medical review as required by Rule V Section 7.18;
>
> e) Defendants failed to allow plaintiff to meet with the physician as required by Rule V Section 7.18;
>
> f) Defendants furnished to plaintiff and had him sign a consent to test form which did not contain the notice of his rights and notice of consequences of a positive test as required by Rule V. Section 7.7.

On May 24, 1996, the defendants amended their answer to the complaint as follows:

> (8) Plaintiff's claim for violation of procedural due process against Defendant McDougle under 42 U.S.C. § 1983 is barred by the statute of limitations.

On the same date, defendant answered the amendment to the complaint as follows:

> 1.     The amendment to the complaint fails to state a claim upon which relief can be granted.
>
> 2.     The complaint and amendment to the complaint are barred by the statute of limitations.
>
> 3.     No act or omissions by Defendants deprived plaintiff of his constitutional rights.
>
> 4.     No act or omissions by Defendants violated plaintiff's rights under state law.
>
> 5.     Defendant Don McDougle is entitled to qualified immunity from money damages.
>
> 6.     The City of Lebanon is not liable for punitive damages.

7.     Defendants request they be awarded attorneys fees in the above-styled cause of action pursuant to the provisions of 42 U.S.C. § 1988 as well as costs and expenses.

On June 20, 1996, defendant Don McDougle filed a "motion to alter or amend judgment entered on or about June 18, 1996." (No such judgment appears in this record.)

On June 25, 1996, defendants filed a notice of appeal from a "judgment entered on or about June 18, 1996." (No such judgment appears in this record.)

On the same date, June 25, 1996, the city of Lebanon filed bonds for appeal from a judgment entered on June 25, 1996. (No such judgment appears in this record, and no bond signed by or on behalf of Thomas Atchley or Don McDougle appears in this record.)

On July 2, 1996, an order was entered by the Trial Court stating:

> This cause came on to be heard on May 28, 1996, upon Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment, and after taking said case under advisement, and considering statements of counsel, briefs, affidavits, transcripts of testimony, and exhibits filed in this cause, Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are both granted in part and denied in part. This Court holds that Plaintiff's Motion for Summary Judgment is granted on the claims that Plaintiff's Fourteenth Amendment procedural due process rights were violated by Defendant McDougle when he failed to follow City policies on blood alcohol testing of Plaintiff. Further, Plaintiff's Motion for Summary Judgment is granted on Plaintiff's claim that the City of Lebanon breached an employment contract with Plaintiff by discharging Plaintiff in violation of the City of Lebanon's drug testing policies. Defendant is granted Summary Judgment on all other claims. The Court's findings of fact and conclusions of law pursuant to Rule 52.01 were made in chambers on June 10, 1996, and are incorporated by reference in this Order.
>
> The case came on for further hearing on the 10th day of June, 1996, on the issue of Plaintiff's damages, and after hearing testimony of Plaintiff and Plaintiff's witnesses and Defendant's witnesses on the issue of damages and on the issue of reinstatement, the Court finds that as a result of said wrongful discharge the Plaintiff is entitled to reinstate-

ment as of June 11, 1996, and that Plaintiff is entitled to a judgment of $72,087.85, which represents Plaintiff's back pay in the amount of $90,038.00; the value of Plaintiff's retirement in the amount of $4,501.90; and the value of Plaintiff's 335.72 hours of vacation in the amount of $5,438.66; and an offset deduction of Plaintiff's interim earnings in the amount of $27,890.71. Plaintiff's accumulated 228 hours of sick leave shall be returned to Plaintiff.

IT IS THEREFORE ORDERED that the City of Lebanon and Defendant Thomas Atchley, shall reinstate Plaintiff James L. Garrett to his former position as of June 11, 1996.

IT IS FURTHER ORDERED that Plaintiff is awarded a judgment against both Defendants, Don McDougle and City of Lebanon, for a total sum of $72,087.85.

IT IS FURTHER ORDERED that under 42 U.S.C. §1988, Plaintiff is entitled to his reasonable attorney fees as prevailing party, and said fees shall be set on Motion and Affidavit of Counsel for Plaintiff.

On July 16, 1996, defendants filed a notice of appeal from the July 2, 1996 order.

On September 23, 1996, the Trial Court entered an order awarding plaintiff attorneys fees of $9,218.75.

On appeal, issues are presented as to the refusal of summary judgment for the defendants and the grant of summary judgment to the plaintiff.

The record on appeal is unusual for an appeal from a summary judgment. It contains a 187 page transcript of testimony heard on May 28, 1996; a 21-page transcript of oral findings of fact announced on May 31, 1996; a 68-page transcript of testimony heard on June 10, 1996; a transcript of argument of counsel and comments of the Trial Judge on July 3, 1996; and a 4-page transcript of discussions between the Trial Court and Counsel on September 3.

The record also contains a two volume, 83 page technical record containing 76 exhibits; and a two volume, 280 page supplemental record containing 11 exhibits.

It appears from the record that the following facts are undisputed.

For 22 years, plaintiff was an electrical lineman employed by the Public Works Department of the City of Lebanon. At the time material to this suit, he was foreman of other linemen. He supervised their work and sometimes assisted them in their work.

Plaintiff's immediate superior was a Mr. Van Trease. The next higher official was the defendant, Mr. McDougle, Commissioner of Public Works. He was later replaced by the Defendant, Thomas Atchley, who was made a party only for the purpose of injunctive relief.

Bill Durham was the Director of Personnel of the City of Lebanon and Ms. LeAnn Thompson was his subordinate.

On February 28, 1994, plaintiff assigned work to his subordinates and then requested and obtained permission of his supervisor, Mr. Van Trease to go to the Personnel Department to get a doctors appointment for an eye injury. Mr. Van Trease thought he smelled alcohol on plaintiff's breath. At the Personnel Department, Mr. Durham and Ms. Thompson thought they smelled alcohol on plaintiff's breath, but noticed no other evidence of intoxication. Mr. Durham telephoned this information to Mr. McDougle who instructed Mr. Van Trease to take plaintiff to the University Medical Center for a blood alcohol test. The result test indicated that plaintiff's blood alcohol was .192%, and the report stated: "Legal intoxication .100% or greater. Clinical toxicity .200% or greater." Upon receiving the results of the test, Commissioner McDougle suspended plaintiff with pay. A hearing was held on March 14, 1994, and plaintiff was discharged on March 17, 1994. An administrative hearing on May 19, 1994, resulted in affirmance of the discharge.

The affidavit of Don L. McDougle states:

19.     On March 17, 1994, I terminated Mr. Garrett as an employee of the City of Lebanon (Attachment G).

20.     The termination of Mr. Garrett was based solely on his testing 0.19 blood alcohol while driving a city vehicle and supervising city employees and his past disciplinary record.

21.     Mr. Garrett's blood alcohol level of 0.19 presented a clear danger to Mr. Garrett and others at work and on the highway. Working or supervising others working with hazardous high voltage electrical equipment jeopardized Mr. Garrett and the employees he was responsible for supervising.

22.     Mr. Garrett further had a DUI conviction while using a city vehicle in 1988.

23.     I concluded that Mr. Garrett's return to work under Rule VII, Section 4.2 (Attachment A) "would endanger the employee, fellow employees, and the general public."

24.     In making the decision to terminate Mr. Garrett, I considered under Rule VII, Section 4.2 (Attachment A) Mr. Garrett's "work history, length of employment, current job performance, existence of past disciplinary actions, all matters contained in the employee's personnel records, and the employee's willingness, cooperation and response to rehabilitation.

The letter of termination states:

This letter is to notify you of your termination from the City of Lebanon.

Upon this information submitted to me, I feel there is sufficient evidence which indicates your failure to adhere to City of Lebanon Rules and Regulations. After hearing your evidence at the hearing, confirms this decision.

Exhibit A to the affidavit reads in pertinent part as follows:

### Statement of Drug/Alcohol Policy City of Lebanon

The City of Lebanon believes it is of vital interest to maintain a "Drug Free" Work Force. Alcohol is also a drug about which there is serious concern. Its excessive use will be considered in the same manner.

We would rather accomplish this purpose by being assured

that our present employees are "Drug Free" rather than replacing them with "Drug Free" employees.

The City is concerned with situations where the use of alcohol and drugs seriously interferes with an employee's health and his job performance, adversely affects the job performance of other employees, or is considered so serious as to be detrimental to the City of Lebanon.

On June 5, 1990, the City Council unanimously passed a Resolution favoring the testing of City employees to assure a Drug Free Work Place and a Drug Tree Work Force.

In furtherance of this Resolution, City Employees are subject to submit to testing to determine the presence of drugs or alcohol while on the job.

Testing may be required anytime an accident occurs; anytime an employee's behavior creates reasonable suspicion of the use of drugs or alcohol; at random, or in mass by department as allowed by law for employees in certain positions.

Any employee found purchasing, transferring, possessing, or using drugs or alcohol on city worksites, or on city time, or in city vehicles, is subject to disciplinary action, up to and including termination. It is the intent of the City, however, to encourage and assist such employees in treatment or rehabilitation whenever appropriate.

If the results of the confirmation screening are reported as positive (confirming the presence of drugs or alcohol), the Department Head will schedule a Departmental hearing to determine appropriate disciplinary action to be taken. The suspension will continue in effect until the Department Hearing is concluded and a decision is made.

Employees who are found in violation of this Drug and Alcohol Policy who do not cooperate and immediately seek rehabilitation and who do not achieve rehabilitation within a reasonable period of time shall be terminated.

4.1     If an employee's positive test result has been confirmed, the employee is subject to disciplinary action up to and including termination.

4.2     Factors to consider in determining the appropriate disciplinary action include the employee's work history, length of employment, current job performance, existence of past disciplinary actions, all matters contained in the employee's personnel records, and the employee's willingness, cooperation, and response to rehabilitation. Even if all the above factors weigh in the employee's favor, he may be terminated from employment if the nature of his job is such that his return of work would endanger the employee, fellow employees, or the general public.

4.8     Dismissal - The Departmental Hearing group shall consider the factors listed in Section 4.2 of this Rule.

If the motion of the defendants for summary judgment should be sustained, it will be unnecessary to consider the plaintiff's motion. Therefore, defendant's motion will be considered first.

Plaintiff's claim against defendant, McDougle for violation of constitutional rights is barred by the one-year statute of limitations. T.C.A. § 28-3-104(a)(3). Any action by McDougle which might have amounted to denial of due process occurred on or before March 14, 1994. This suit was filed on March 17, 1995.

The complaint fails to state a claim against the City of Lebanon for violation of constitutional rights by failing to specify a policy or custom attributable to the City which violates a constitutional right. *Monell v. New York Department of Social Services*, 436 U.S. 658, 98 C. Ct. 2018, 56 L.Ed 2d 611 (1978); Pembaur v. City of Cincinnati, 475 US 469, 106 S. Ct. 1292, 89 L. Ed 2d 452 (1985). The principle of respondent superior is inapplicable to § 1983 actions. *Monell, supra, Feliciano v. City of Cleveland,* 6th Cir. 1993, 988 F. 2d 649.

The undisputed evidence shows that there was no breach of employment contract by the City of Lebanon or its employees. The undisputed evidence shows that the conditions of employment of plaintiff included the duty to submit to a blood test at any time the behavior of the employee creates a reasonable suspicious of the use of alcohol. Even without physical manifestations of impairment, exhaling breath that smells like alcohol is behavior creating a reasonable suspicion of the use of alcohol.

The undisputed evidence shows reasonable suspicion for the test, and the undisputed result of the test is evidence of intoxication which is undisputed. .10% blood or breath alcohol renders the operation of a motor vehicle unlawful. T.C.A. § 55-10-401.

The evidence is undisputed that plaintiff had been drinking until 2:00 a.m. on February 28, 1994, that he ingested no alcohol thereafter, that he operated a city truck during the morning of February 28, 1994, and that his blood alcohol was still .192 at 2:25 p.m. on the same day. His testimony at the disciplinary hearing included the following:

> McDougle: Okay, so what you're saying is that you came to work under the influence of alcohol?
>
> Garrett: Yes, sir.
>
> McDougle: Which you know is a violation of the Rules?
>
> Garrett: Yes, sir.

The foregoing renders immaterial any contention that the test in question did not conform to city rules.

Unquestionably, plaintiff was legally intoxicated while operating the city truck and directing his subordinates during the morning and was thereby subject to termination, "where appropriate."

The undisputed evidence shows that the termination of plaintiff was "appropriate." Plaintiff had a history of troubles with alcohol on the job. He had been previously suspended for two weeks for driving a city vehicle under the influence of alcohol.

Plaintiff's remaining contention is that he was not given an opportunity for rehabilitation. The references to rehabilitation in city rules provide an opportunity for rehabilitation of addicts - not a guarantee of continued employment. Plaintiff insists that he asked for rehabilitation. There is no allegation that he asked for and was denied rehabilitation independent of continued employment. There is no allegation of any damages resulting from any alleged refusal of rehabilitation or prayer for mandatory rehabilitation. Therefore, the complaint does not state a claim for denial of rehabilitation for which relief can be granted. As plaintiff stated in the hearing, "I just want my job back."

Plaintiff has the sympathy of this Court in the affliction of his addiction and it is hoped that he may overcome his affliction and resume a useful life. Nevertheless, this Court finds no legal ground for reversing his discharge or awarding him damages.

The judgment of the Trial Court is reversed and vacated and plaintiff's suit is dismissed. This Court declines to award attorneys fees to defendants. All costs, including costs of this appeal, are taxed against the plaintiff. The cause is remanded to the Trial Court for any necessary further proceedings.

## REVERSED AND REMANDED.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE